# IN THE OREGON TAX COURT

## STATE ex rel DEPARTMENT OF REVENUE
*v.*
## CONTROL DATA CORPORATION
(TC 2182)

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, appeared for plaintiff.

Scott G. Seidman, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, and A. Frank Gallegos, Assistant General Counsel, Control Data Corporation, appeared for defendant.

Decision for plaintiff rendered January 23, 1985.

**EDWARD H. HOWELL, Judge Pro Tem.**

This case involves the validity of a garnishment served by the plaintiff, the Department of Revenue, on the defendant Control Data Corporation.

The facts are not in dispute. The defendant has its

principal place of business in Minnesota but is authorized to do business in the State of Oregon. During the calendar year 1978 William K. Brest (Brest) lived in Oregon and earned income in Oregon subject to the state's income tax laws. In November 1978 Brest terminated his employment in Oregon and was rehired by defendant in Minnesota and has been an employee of defendant in Minnesota since July 18, 1979. Brest did not pay a state income tax deficiency assessed against him for the year 1978 and on November 12, 1980, the Department of Revenue issued a distraint warrant against Brest for the collection of $2,137.50 taxes plus interest. The distraint warrant was docketed in Multnomah County and has the force and effect of a judgment against Brest under ORS 314.430.

On March 13, 1984, a garnishment was served on defendant at its office in Portland and the defendant answered the writ stating that Oregon courts do not have jurisdiction to enforce garnishment proceedings because Brest, the debtor, "does not currently reside and receive wages in the State of Oregon."

Thereafter and on August 21, 1984, plaintiff filed this suit against defendant Control Data Corporation seeking a judgment for the taxes due. Both parties have moved for a summary judgment.

The defendant has not and could not contest the validity of the income tax itself because the parties agree that Brest lived and earned income in Oregon during 1978. As such, he would be liable for Oregon income tax. The defendant does contest the collection of the tax by the garnishment proceedings and relies upon *Rush v. Savchuk,* 444 US 320, 100 S Ct 571, 62 L Ed 2d 516, decided by the United States Supreme Court in 1980. There plaintiff Savchuk was injured in an accident in Indiana while riding in a car driven by defendant Rush. Both Rush and Savchuk were residents of Indiana. The car was insured by State Farm under a liability policy issued in Indiana. Savchuk moved to Minnesota and filed an action for damages for personal injuries against Rush in the Minnesota state courts. As Rush had no contacts in Minnesota that would support *in personam* jurisdiction, Savchuk brought garnishment proceedings against State Farm to garnish State

Farm's obligation to defend and indemnify Rush in connection with the Indiana accident. State Farm did business in Minnesota. Rush was personally served in Indiana.

■ The Supreme Court in *Rush v. Savchuk, supra,* at 327, stated that in determining whether state court jurisdiction is consistent with due process, the inquiry must consider " 'the relationship among the defendant, the forum, and the litigation,' " citing *Shaffer v. Heitner,* 433 US 186, 97 S Ct 2569, 53 L Ed 2d 683 (1977). Applying that test, the court noted that Rush had never had any contacts with Minnesota and that the Indiana auto accident had no connection with Minnesota. Thus, the court found that, as the defendant had no contacts with Minnesota, due process would prevent a Minnesota judgment against Rush. The court stated:

> "In short, it cannot be said that the defendant engaged in any purposeful activity related to the forum that would make the exercise of jurisdiction fair, just or reasonable * * *." *Rush v. Savchuk, supra,* at 329.

Contrary to the situation in Rush, in the instant case the debtor, Brest, lived in Oregon during 1978, worked and earned taxable income in Oregon, a judgment was taken against him in Oregon and the debt which is the subject of this garnishment arose in Oregon as a result of Brest's activities in Oregon. The requirement raised in *Rush v. Savchuk, supra,* is fulfilled.

■ As all of these activities occurred in Oregon the exercise of Oregon jurisdiction over Brest would be "fair, just or reasonable" under the circumstances and not subject to a due process challenge.

Plaintiff's motion for a summary judgment is allowed.